UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NINCI YOSSELIN BUESO FLORES,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-04245-KES-EPG

ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

(Doc. 3)

This habeas action concerns the detention of petitioner Ninci Yosselin Bueso Flores, a noncitizen who has detained by immigration officials while she had active protection from removal pursuant to her Deferred Action for Childhood Arrivals ("DACA") status. Doc. 1 at 5. This matter is before the Court on petitioner's motion for preliminary injunction. Doc. 3. For the reasons explained below, petitioner's motion for preliminary injunction is granted as set forth below.

//

## I. Background

Petitioner is a 33-year-old noncitizen from Honduras who arrived in the United States as a fourteen-year-old. Doc. 1 ¶ 7. On October 26, 2012, USCIS approved petitioner's application for DACA. *Id.* ¶ 10. Petitioner subsequently renewed her DACA status multiple times. *Id.* At the time she was detained by immigration officials, petitioner had DACA status, which was set to expire on May 9, 2026. *Id.* ¶ 10; Doc. 7 at 13. In the DACA approval notice, USCIS indicated: "Deferred action is an exercise of prosecutorial discretion by USCIS not to pursue the removal of an individual from the United States for a specific period… Unless terminated, this decision to defer removal action will remain in effect for the duration of the validity period noted above." Doc. 7 at 13.

Petitioner was arrested on July 14, 2024 for driving under the influence. Doc. 1 ¶ 13. That arrest was dismissed and sealed under California Penal Code § 851.93. *Id.;* Doc. 1-2 at 18–20. On January 26, 2026, petitioner was arrested for driving with a suspended license and reckless driving. *Id.* ¶ 14. On the day of her 2026 arrest, ICE lodged an immigration detainer and served her with a Notice to Appear. *Id.* ¶ 17. Petitioner filed a motion to redetermine bond, but her motion was denied by an immigration judge pursuant to *Matter of Yajure Hurtado*. *Id.* ¶ 19.

Petitioner filed a petition for writ of habeas corpus asserting: (1) violation of procedural due process due to her detention without a pre-deprivation hearing, (2) violation of substantive due process, (3) violation of the Immigration and Nationality Act ("INA"), (4) unlawful agency action in violation of the Administrative Procedure Act, 5 U.S.C. § 706, and the *Accardi* Doctrine, (5) violation of the Suspension Clause. Doc. 1. Petitioner also filed a motion for preliminary injunction, arguing that she was likely to succeed on the merits of her claims that due process required a pre-deprivation hearing, that her detention violates due process, and that her detention under 8 U.S.C. § 1225(b) violates the INA. Doc. 3. The motion for preliminary injunction is fully briefed. Docs. 7, 8.

## Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–

90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## II. Discussion

### a. Likelihood of Success on the Merits

Petitioner argues that her detention without a pre-deprivation hearing violates her procedural due process rights because her DACA status conferred a significant liberty interest and that the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) factors weigh in favor of requiring a pre-deprivation hearing. Doc. 3 at 6–9. Respondents indicate that petitioner was detained under § 1225(b)(2) and that petitioner was taken into immigration detention pursuant to an administrative warrant. Doc. 7 at 1.

For the reasons set forth below, petitioner has shown a likelihood of success on the merits of her procedural due process claim. Because the resolution of plaintiff's procedural due process claim grants plaintiff the relief from detention she seeks in her motion for a preliminary injunction, the court need not address her substantive due process and INA claims in this order.

Procedural Due Process

This court and many other courts have found that "the government's knowing decision not to detain an individual creates a liberty interest in their continued release." *Anderson v. Chernut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *2 (E.D. Cal. Mar. 24, 2026); *Medvezhov*

*v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-05918-KES-SAB (HC), 2026 WL 2234501, at *2 (E.D. Cal. Aug. 3, 2026) ("the government's decision *not* to detain petitioner, and instead to grant him work authorization while his asylum claim proceeded, provided him with a protected liberty interest."); *Boso v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01790-KES-SAB-HC, 2026 WL 1174643, at *3 (E.D. Cal. Apr. 30, 2026), report and recommendation adopted, No. 1:26-CV-01790-KES-SAB (HC), 2026 WL 1389432 (E.D. Cal. May 18, 2026) (petitioner with DACA status maintained a liberty interest in his continued release even though USCIS had served petitioner with an intent to terminate petitioner's DACA status); *Juarez v. Noem*, No. 2:26-CV-00801-DC-CKD (HC), 2026 WL 799976, at *6 (E.D. Cal. Mar. 23, 2026) ("Numerous courts within the Ninth Circuit have found that noncitizens maintain a due process property interest in their active DACA status") (collecting cases).

To determine what procedural protections an individual is owed, the court examines the factors set forth in *Mathews v. Eldridge*. Under *Mathews*, the "identification of the specific dictates of due process generally requires consideration of three distinct factors":

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976)) (assuming, without deciding, that the *Mathews* factors applied to a due process challenge to 8 U.S.C. § 1226(a)); *see Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

Turning to the first *Mathews* factor, petitioner has a significant private interest. Petitioner has resided in the United States for almost two decades and has developed deep community ties. Doc. 1 ¶ 67; *see Anderson*, 2026 WL 809990, at *2 (private interest weighed heavily in petitioner's favor in light of the length of time petitioner had resided in the United States and her continuing community ties). Petitioner resides with her mother, who is a lawful permanent

resident, and provides financial support for her mother. Doc. 1 ¶¶ 22, 23, 67. Petitioner has a fixed address and steady employment as an electrician. *Id.* ¶ 67. Further, petitioner's DACA status confers a significant private interest in remaining at liberty.

As to the risk of an erroneous deprivation of petitioner's liberty interest, the court finds that the risk of erroneous deprivation is high "where a petitioner does not receive a pre-detention hearing to determine whether there is a valid basis for detention." *Anderson*, 2026 WL 809990, at *2. The Ninth Circuit held in *Rodriguez Diaz v. Garland* that the "post-deprivation bond procedures of § 1226(a) facially satisfy due process." *Gagik T. v. Chestnut*, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) (citing *Rodriguez Diaz*, 53 F.4th at 1213). "But *Rodriguez Diaz* addressed the adequacy of the burden allocation at a bond hearing for a person *already in custody*; it did not consider whether the Government may seize a person after years of government-sanctioned liberty without affording any prior process." *Id.* (citing *Rodriguez Diaz*, 53 F.4th at 1196–97) (emphasis in original).

The Court finds the reasoning in *Reyes Servin v. Semaia* persuasive:

> The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). But Petitioner has not been afforded any process to determine whether his detention in fact advances either purpose. The risk of erroneous deprivation is especially high given that deferred action is similar to a "stay[ ] of removal," [*Lee v. Holder*, 599 F.3d 973, 974 (9th Cir. 2010)], . . . . It follows that the probable value of additional procedural safeguards, such as notice and a pre-deprivation hearing, is also high. Id.

*Reyes Servin v. Semaia*, No. 5:26-CV-02745-MAR, 2026 WL 1670852, at *5 (C.D. Cal. June 4, 2026).

Petitioner applied and received DACA status multiple times and had an active DACA status at the time of her detention. "DACA does not constitute 'a passive non-enforcement policy; it create[s] a program for conferring affirmative relief.'" *Juarez*, 2026 WL 799976, at *4 (quoting *Dept. of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 18 (2020)). Respondents' own documents establish that USCIS approved petitioner's DACA application and

that her DACA status was active at the time of her detention. *See* Doc. 7 at 5. Respondents do not contest that petitioner had affirmative relief from removal under DACA and they do not assert that her DACA status was revoked as a result of her January 2026 arrest. *See* Doc. 7.

Petitioner sought a bond hearing before the immigration court, and she was denied such a hearing because the immigration court found that petitioner was ineligible for a bond hearing pursuant to *Matter of Yajure Hurtado*. Doc. 1-2 at 24–25. But in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Ninth Circuit held that 8 U.S.C. § 1226(a) applies to noncitizens in petitioner's circumstances, rejecting the government's interpretation reflected in *Matter of Yajure Hurtado*. Petitioner has remained in immigration detention for months without a bond hearing, and the risk of erroneous deprivation of petitioner's liberty is high.

Third, although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining petitioner without a hearing is low. In immigration court, custody hearings are routine and impose a "minimal" cost. *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-CV-00998-EPG-HC, 2025 WL 1158841, at *9 (E.D. Cal. Apr. 21, 2025). Petitioner was previously arrested for a DUI but the government acknowledges that charge was dismissed. The government indicates that petitioner was detained after her January 2026 arrest for driving with a suspended license and reckless driving. Doc. 1 at 1. But respondents do not argue that petitioner has been convicted of that charge, and petitioner had active DACA status that provided her with affirmative relief from deportation absent the termination of her DACA status. *See Reyes Servin*, 2026 WL 1670852, at *3 (noting 8 C.F.R. § 236.23(d) sets the procedures for termination of Deferred Action for Childhood Arrivals). "There is no indication that providing proper notice, reasoning, and a pre-deprivation hearing would be fiscally or administratively burdensome on the government." *Id.*, 2026 WL 1670852, at *5. Accordingly, the third *Mathews* factor likewise tips in petitioner's favor.

On balance, the *Mathews* factors weigh in favor of petitioner.

**b. Irreparable Harm**

Turning to the second *Winter* factor, "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez*, 872 F.3d at 994

(quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (quoting Wright, Miller, & Kane, Federal Practice and Procedure, § 2948.1 (2d ed. 2004)). Given that petitioner is likely to succeed on the merits of her procedural due process claim—that her detention without an individualized and pre-deprivation bond hearing violates the Due Process Clause—petitioner faces irreparable harm absent a preliminary injunction.

**c. Balance of Equities and Public Interest**

When the government is the nonmoving party, "the last two *Winter* factors merge." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal citations omitted). Although the government has a strong interest in enforcing immigration laws, the issue in this case is whether the government could detain petitioner without an individualized bond hearing while she maintained DACA status.

The public interest also weighs in petitioner's favor. "The public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (citing *Jorge M.F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3) (N.D. Cal. Mar. 1, 2021)); *see also Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020) ("It is always in the public interest to prevent the violation of a party's constitutional rights.") (quotation marks and citation omitted).

**d. Remedy**

The Court finds that the requirements for issuing a preliminary injunction are met as to petitioner's procedural due process claim. Here, petitioner should have been provided with a pre-deprivation bond hearing prior to her detention. "A post-deprivation bond hearing provided [] months after petitioner's detention and only after she has sought federal habeas relief does not satisfy due process." *Anderson,* 2026 WL 809990, at *3. "[A]n increasing wave of district courts have concluded[ ] [that] a post-hoc bond hearing cannot support [a] [p]etitioner's continued

detention when the underlying arrest, revocation of parole, and re-detention were in violation of [the] [p]etitioner's due process rights and, thus, invalid." *Reyes Servin*, 2026 WL 1670852, at *7. Here, petitioner's prior DUI charge was dismissed and the misdemeanor charges against her remain pending. Respondents do not argue that petitioner's 2026 arrest necessitated immediate detention without a pre-deprivation hearing, particularly given the protections conferred by petitioner's DACA status. Moreover, respondents do not dispute petitioner's evidence that she has a fixed address and that she diligently renewed her DACA status since 2012. The Court finds that petitioner is entitled to a pre-deprivation bond hearing at which the government bears the burden of proving that she is a flight risk or danger to the community by clear and convincing evidence. *See Anderson,* 2026 WL 809990, at *4; *Medvezhov*, 2026 WL 2234501, at *3.

## III. Conclusion and Order

Accordingly:

1. Petitioner's motion for a preliminary injunction, Doc. 3, is GRANTED as set forth above.
2. Respondents are ORDERED to release petitioner Ninci Yosselin Bueso Flores (A-Number: 204-251-278) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.[1]
3. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Garcia v. Bondi*, No. 3:25-cv-05070, 2025 WL 1676855, at *3 (N.D. Cal. June 14, 2025) (no security required where risk of harm to the government was minimal).

///

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event she becomes subject to an executable final order of removal.

4. This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition or other appropriate action.

IT IS SO ORDERED.

Dated: September 11, 2026

UNITED STATES DISTRICT JUDGE